PAGÁN ET AL., PLAINTIFFS AND APPELLEES, *v.* SELLÉS ET AL., DEFENDANTS AND APPELLANTS.

Appeal from the District Court of Humacao in an Action of Ejectment.—Motion to Amend the Record.

No. 2119.—Decided April 8, 1920.

AMENDMENT OF RECORD—ESTOPPEL.—Although the appellee may have certified to the transcript of the record in agreement with the appellant, the doctrine of estoppel does not prevent him from moving to amend the record before the hearing. Rule 55 of the Supreme Court is applicable whether the transcript is certified to by the clerk or by the parties or their attorneys.

The facts are stated in the opinion.
*Messrs. M. Guerra Mondragón* and *I. Soldevila* for the appellants.
*Messrs. M.* and *José Tous Soto* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In accordance with Rule 55 of this court, appellees have presented a motion to amend the record to show that two persons naturally complainants, but who were named as parties defendants, were actually served with summons and thus made parties to the suit. The only ground of opposition to this motion is that the transcript was signed and certified

to by both parties to the record and hence that the appellee
cannot add anything to impugn the record agreed upon. In
other words, a kind of estoppel or renunciation.

The appellant, to get his appeal before this court, may
do either of two things. He may request the secretary of
the district court to certify to the correctness of the tran-
script, or he may request counsel on the other side to join
with his counsel in certifying up the transcript. Sections
301, 302 and 303 of the Code of Civil Procedure demonstrate
that the sending up of the record is in its essence an act of
the appellant. The appellant by obtaining the certificate of
opposite counsel complies with these sections, but the tran-
script remitted is a fulfilment of a duty by the appellant,
whether certified to by the secretary or the attorneys. Op-
posite counsel at the hearing of the case cannot challenge
the correctness of the transcript, whether certified to by the
secretary or the attorneys, but before the hearing the ap-
pellee has always the right to suggest a diminution of the
record. There is no estoppel because he has not misled the
appellant. The amendment of the record is largely in the
discretion of the appellate court after the transmission of
the record and if what the appellee asks would require other
parts of the record to be sent up, the appellant may protect
himself by a counter motion. The conclusion at which we
have arrived is in the interests of the appellants, for if the
appellees thought that inadvertent omissions or frauds
could not be corrected they would probably throw a much
larger part of the work on the secretary.

In any event the appellant has cited us to nothing that
does not make Rule 55 of general application to all tran-
scripts sent up. The motion must prevail and the certificate
from the district court be added to the record.

*Motion sustained.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.